UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    RENATA KOCIUBINSKI

                            Plaintiff,

            -against-                                    **SCHEDULING ORDER**
                                                        22 CV 2865  (ENV) (CLP)

    NYC HEALTH AND HOSPITAL CORP.

                            Defendant.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        The parties in this case are directed to appear for an **INITIAL CONFERENCE** as

follows:

|            |            |                                                      |
|------------|------------|------------------------------------------------------|
| DATE:      |            | **OCTOBER 19, 2022**                                 |
| TIME:      |            | **2:15 PM**                                          |
| LOCATION:  |            | Initial conference will proceed via AT&T conference call. |

                            Please dial 877-336-1839 at
                            2:15 PM

                            Enter Access code: 380-1746
                            and security code:  22-2865

        Plaintiff's counsel is respectfully directed to confirm that all parties or their attorneys

have received this Order and are aware of the conference.

**A.  Attorney Attendance Required**

        To ensure that the initial conference is meaningful and serves its purpose under the

Federal Rules of Civil Procedure, an attorney who has entered an appearance on ECF and who is

familiar with the details of the case must appear at the initial conference.  The Court does not

1

permit *per diem* or contract attorneys to appear at initial conferences, unless such attorneys possess the requisite familiarity and authority with respect to the case and intend to assume the obligations attendant to appearance.  See L. Civ. R. 1.4.  The Court does, however, encourage the participation of relatively inexperienced attorneys, so long as they possess the authority to commit the client to a discovery schedule.

**B.  Adjournments**

Any request for an adjournment must be in writing and filed electronically on ECF as a "Motion to Adjourn Conference"[1] **at least two (2) full business days** prior to the scheduled matter.  All requests must indicate:  the original date; the reason for the request; the amount of additional time needed or a proposed date; the number of previous requests for adjournment by any party; whether all other parties consent and, if they do not, the reason given.  The Court will transmit any ruling via  the CM/ECF system only.

**C.  Rule 26(f) Meeting**

As required by the Federal Rules of Civil Procedure counsel shall, as soon as possible and in any event at least 14 days before the Initial Conference, meet to discuss the nature and basis of their  claims and defenses, the possibilities for a prompt settlement, arrangements for their initial disclosures under Rule 26(a)(1), and the contents of a proposed discovery plan, including the matters set forth in Rule 26(f)(3)(A)-(F).  See Fed. R. Civ. P. 26(f).

To assist the parties in complying with the requirements of Rule 26(f)(2) and (3), the Court has attached an Initial Conference Questionnaire that sets forth topics the parties should

---

[1] In the ECF Civil Events menu, select the *Motions* category and then select the *Adjourn Conference* event.  For assistance with docketing, contact the Clerk of the Court's Docketing Section at (718) 613-2610.

discuss at their meeting.  The proposed discovery plan may, but need not, be filed on the ECF system using the *Report of Rule 26(f) Planning Meeting* category available under *Other Documents* in the *Civil Events* menu.

**D.  Mandatory Initial Disclosures**

The parties are reminded that Rule 26 of the Federal Rules of Civil Procedure requires the parties to provide certain information and documents to the other parties without awaiting a discovery request.  See Fed. R. Civ. P. 26(a)(1)(A).  It is expected that all mandatory disclosures will have been made prior to the Initial Conference.  See Fed. R. Civ. P. 26(a)(1)(C).  If the parties are unable to exchange initial disclosures prior to the conference, they should be prepared to discuss the anticipated time required to complete exchanging initial disclosures with the Court.

**E.  Important Requirements**

It is the responsibility of ALL parties to confirm that their contact information is correct at the time of filing the Complaint or Answer, and to monitor the status of their cases in order to avoid missing court appearances or deadlines.  The parties must also promptly send written notice to the judge, the Clerk of the Court, and counsel for all other parties of any changes in mailing address, e-mail address, and/or telephone number.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
   July 12, 2022

          /s/ Cheryl L. Pollak
          Cheryl L. Pollak
          Chief United States Magistrate Judge
          Eastern District of New York

Docket No.:_____

## INITIAL CONFERENCE QUESTIONNAIRE

1.    Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made:

2.    If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of:  plaintiff(s) _____ and defendant(s)

3.    Number of depositions by plaintiff(s) of: parties _____  non-parties

4.    Number of depositions by defendant(s) of:        parties _____  non-parties

5.    Date for completion of factual discovery:

6.    Number of expert witnesses of plaintiff(s):  _____ medical _____ non-medical

        Date for expert report(s):

7.    Number of expert witnesses of defendant(s):  _____ medical _____ non-medical

        Date for expert report(s):

8.    Date for completion of expert discovery:

9.    Time for amendment of the pleadings by plaintiff(s)
      or by defendant(s)

10.   Number of proposed additional parties to be joined by plaintiff(s) ___ and by defendant(s) ____ and time for completion of joinder:

11.   Types of contemplated dispositive motions:        plaintiff(s):
                        defendant(s):

12.   Dates for filing contemplated dispositive motions:        plaintiff(s):
                        defendant(s):

13.   Have counsel reached any agreements regarding electronic discovery?  If so, please describe at the initial conference.

14.   Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts?  If so, please describe at the initial conference.

15.   Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)?  (Answer no if any party declines to consent without indicating which party has declined.) **
      Yes ___    No

_____
**\* The fillable consent form may be found at**
http://www.nyed.uscourts.gov/General_Information/Court_Forms/court_forms.html  **and may be filed electronically upon completion prior to the initial conference, or, brought to the initial conference and presented to the Court for processing.**

# <u>Magistrate Judge Cheryl L. Pollak</u>

Chambers Room 1230
Courtroom 13B - South
Telephone (718) 613-2360
Fax (718) 613-2365

To avoid confusion and facilitate the work of the Clerk's Office, all papers should bear the docket number for the case followed by the initials of the District Judge, followed by Judge Pollak's initials (CLP).

ELECTRONIC CASE FILING

Pursuant to the Local Rules of the Eastern District, all submissions must be made via the Electronic Case Filing system (the "ECF system") with courtesy copies provided to chambers. Courtesy copies of submissions exceeding ten pages should be mailed directly to chambers via hard copy. Courtesy copies of all other submissions should be delivered via facsimile.

Pro se parties are automatically exempt from mandatory electronic filing. However, parties represented by counsel in pro se cases must file all submissions electronically and mail the submission to the pro se litigant.

**ALTHOUGH ALL DOCUMENTS <u>MUST</u> BE FILED ELECTRONICALLY, COURTESY COPIES ARE STILL REQUIRED OF ALL DOCUMENTS**

**REQUESTS NOT FILED ELECTRONICALLY WILL NOT BE CONSIDERED BY THE COURT.**

CALENDAR MATTERS, STATUS, ADJOURNMENTS:

All requests for adjournments or extensions must be made by facsimile AND filed electronically at least two (2) business days prior to the scheduled matter. Counsel shall confer with the other parties and, whenever possible, obtain consent before contacting chambers with requests for extensions, adjournments and the scheduling of conferences. The Court will transmit any ruling via the ECF system.

All telephone calls concerning calendar matters or case status in criminal or civil matters before Judge Pollak should be made to chambers at (718) 613-2360. Inquiries regarding appearances for arraignments, bond hearings, or other matters before the duty magistrate should be made to the magistrate clerical department at (718) 613-2620. Do not call regarding the status of any case or submission without first referring to the docket sheet.

For questions regarding procedure, please refer to the Federal Rules of Criminal or Civil

Procedure and the Local Rules of the Eastern District.

CONFERENCES:

Pursuant to Fed. R. Civ. P. 26(f), counsel shall, as soon as possible and in any event at least 14 days before an initial conference is held, meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, and a proposed discovery plan. The proposed discovery plan may, but need not, be filed on the ECF system.

Counsel shall appear promptly for all pre-trial conferences, prepared and authorized to discuss progress in the case, scheduling of further proceedings, and possible settlement. Civil conferences may be adjourned with the consent of all parties, provided that the Court is notified in writing by facsimile and by electronic filing, **at least 48 hours** prior to the scheduled conference.

For conferences conducted by telephone, the parties must call chambers at the time of the conference with all parties on the line. If a party calls chambers at the time of the conference without all parties on the line, they will be instructed to call back once all parties are on the line.

INTERPRETER SERVICES:

Interpreter services are generally not provided by the Court in civil cases. If a party speaks a language other than English, the party must make his/her own arrangement to conduct his/her case in English. A party may bring an English-speaking friend or family member to court conferences. However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

CHANGE OF ADDRESS:

Parties shall keep the Court apprised of their current address and telephone number. If a party changes address, he/she shall immediately notify the Court and the opposing party in writing.

DEPOSITION PROBLEMS:

Parties encountering deposition problems should first make every effort to resolve the dispute among themselves. In the event a satisfactory resolution cannot be reached, the parties are directed to contact the Court immediately by telephone. The Court will either resolve the matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute. Under no circumstances should the parties discontinue the

deposition without first attempting to contact the Court.

MOTION RULES AT A GLANCE:

| | |
|---|---|
| Oral Argument: | Yes, at the parties' request.  See Motion Procedures and Rules ¶ 7. |
| Courtesy Copies to Chambers: | Yes. See page 1 for instructions on the appropriate format of courtesy copies. |

MOTION PROCEDURES AND RULES:

1.      Parties experiencing problems with <u>discovery</u> must, prior to filing any formal motions, submit to both the Court and any opposing party a letter, detailing the issues involved. If the dispute requires Court review of document requests, interrogatories, or responses thereto, the moving party shall attach a copy of the relevant documents to its letter.  Parties must respond, also by letter, within five (5) business days of receipt of the movant's letter.  Any reply must be submitted within three (3) business days of a response.  No sur-replies will be accepted without prior permission.  The Court may schedule a conference or direct the filing of a formal motion thereafter, if necessary.

2.      Return dates and briefing schedules will be set by the Court.  If an extension of time is necessary, the parties may agree to a revised schedule and inform the Court by letter.  If the parties cannot agree on a revised schedule, either party may contact the Court in writing and the Court will consider the proposed schedule.

3.      The Notice of Motion shall <u>not </u>contain a return date, but rather shall state that the return date will be set by the Court.  All moving papers will be served on all parties.

5.      The "original" of all motion papers shall be filed via the ECF system.  In addition, a courtesy copy, marked as such, shall be submitted directly to chambers at the time of filing.  See page 1 for instructions on the appropriate format of courtesy copies.

6.      Supplemental briefs will not be accepted unless requested by the Court.

7.      Any party may request a date for oral argument, provided such a date has not already been scheduled.  Once scheduled, oral argument may be adjourned with the consent of all parties, provided that the Court is notified in writing by facsimile and by ECF filing, no later than 48 hours prior to the scheduled argument.

8.      Strict compliance with these rules, the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York is required.  Papers not in compliance with any relevant rule will not be considered in the absence of extraordinary circumstances.

9.      If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

MOTIONS TO APPEAR PRO HAC VICE

A proposed order must be included in all motions to appear pro hac vice