22 Civ. 02865 (ENV)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Renata Kociubinski, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action*,

Plaintiff,

- against -

NYC Health and Hospitals Corp. (d/b/a Coney Island Hospital),

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PARTIALLY DISMISS THE COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kerrin A. Bowers*
*Tel: (212) 356-2473/(646) 939-7415*
*Matter No. 2022-034437*

*Date of Service:* August 10, 2023

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 1

POINT I

PLAINTIFF'S SECOND AND FOURTH CLAIMS
PURSUANT TO NYLL § 650 *et seq*. SHOULD BE
DISMISSED ................................................................................................ 2

POINT II

PLAINTIFF'S FIFTH CLAIM PURSUANT TO
NYLL § 195(1) SHOULD BE DISMISSED ............................................... 3

CONCLUSION............................................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Ali v. New York City Health & Hosps. Corp.*,
　2013 U.S. Dist. LEXIS 41886 (S.D.N.Y. Mar. 25, 2013) ....................................................2, 3

*Cromwell v. New York City Health and Hospitals Corporation*,
　983 F. Supp. 2d 269 (S.D.N.Y. Oct. 16, 2013)..................................................................2, 3

*Drayton v. Metroplus Health Plan, Inc.*,
　791 F. Supp. 2d 343 (S.D.N.Y. Apr. 12, 2011) ...................................................................3

*El v. Potter*,
　2004 U.S. Dist. LEXIS 24447 (S.D.N.Y. Dec. 6, 2004) .......................................................2

*Franco v. Jubilee First Ave. Corp*,
　2016 U.S. Dist. LEXIS 114191 (S.D.N.Y Aug. 25, 2016)....................................................4

*Leevson v. Aqualife USA, Inc.*,
　183 F.Supp.3d 397 (E.D.N.Y. 2016) ...................................................................................4

*Massiah v. Metroplus Health Plan, Inc.*,
　2011 U.S. Dist. LEXIS 154724 (E.D.N.Y. Apr. 9, 2012) .....................................................3

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.*,
　2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sep. 6, 2012).....................................................3

**Statutes**

12 N.Y.C.R.R. § 142-3.12(b).............................................................................................2

29 U.S.C. §§ 201 et seq.....................................................................................................1

Fed. R. Civ. P. 12(b)(6).....................................................................................................1

NYLL § 195(1)...........................................................................................................1, 3, 4

NYLL § 195(1)(a)................................................................................................................3

NYLL § 650........................................................................................................................3

NYLL § 650 *et seq*........................................................................................................1, 2

NYLL § 651(5)(n)..............................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff, Renata Kociubinski, brings this action on behalf of herself and others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York State Labor Law ("NYLL") against her employer New York City Health and Hospitals Corporation ("H+H").  Defendant now partially moves to dismiss Plaintiff's claims pursuant to NYLL § 650 *et seq*. and NYLL § 195(1), specifically Plaintiff's second, fourth and fifth claims in the Complaint.

## STATEMENT OF FACTS[1]

Plaintiff commenced this action on behalf of herself and a putative collective alleging, among other things, that Defendant violated the FLSA and the NYLL by failing to pay Plaintiff for all hours worked when she worked "on-call" shifts and by failing to pay Plaintiff an overtime premium for emergency overtime worked.  Plaintiff alleges that she worked as a nurse at H+H's Coney Island Hospital beginning from on or around August 9, 1993 and that since some unspecified day in September 2021, Plaintiff noticed that she was not receiving her regular rate of pay for "on-call" shift hours.  *See* Dkt. No. 1, Complaint at ¶¶ 6, 7, 29, 30.  Plaintiff further alleges that since some unspecified day in September 2021, she did not receive "premium" overtime pay for emergency page shifts.  *See id.* at ¶¶ 27-28, 31.  Plaintiff further alleges unpaid minimum and overtime wages and that she was not provided with a statement of wages and/or notice of her rate of pay as required by the NYLL.  *Id.* at ¶¶ 33, 34, 45, 57.

---

[1] Plaintiff's allegations in the Complaint are assumed to be true only for purposes of this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**POINT I**

**PLAINTIFF'S SECOND AND FOURTH CLAIMS PURSUANT TO NYLL § 650 *ET SEQ.* SHOULD BE DISMISSED**

With respect to Plaintiff's claims pursuant to the NYLL § 650 *et seq*. (Plaintiff's second and fourth claims), these claims must be dismissed because H+H is a political subdivision of the State of New York and therefore the applicable provisions of the NYLL do not apply.   Both the NYLL and the New York State Department of Labor Regulations specifically exclude from coverage any employees working for an entity, such as H+H, which is a political subdivision of the state.  *See El v. Potter*, 2004 U.S. Dist. LEXIS 24447, *37 (S.D.N.Y. Dec. 6, 2004) ("The New York State Minimum Wage Act. . . excludes from coverage those people employed 'by a federal, state or municipal government or political subdivision thereof.'").  Pursuant to NYLL § 651(5)(n), an employee is "any individual employed or permitted to work by an employer in any occupation, but shall *not* include any individual who is employed or permitted to work: (n) by a federal, state or municipal government or political subdivision thereof." (emphasis added). The New York State Department of Labor mirrors this definition in excluding, "any individual employed by a Federal, State or municipal government or political subdivision thereof." Section 12 N.Y.C.R.R. § 142-3.12(b).  Since the named Plaintiff, and the class she seeks to represent, was employed by H+H, a political subdivision of the State of New York, she is not covered by the NYLL and its implementing regulations and her cause of action under the NYLL § 650 *et seq* must be dismissed.

Indeed, all of the courts within the Southern District of New York that have confronted this issue have determined that H+H is a political subdivision and thus exempt from the NYLL.  *See Cromwell v. New York City Health and Hospitals Corporation*, 983 F. Supp. 2d 269 (S.D.N.Y. Oct. 16, 2013); *Ali v. New York City Health & Hosps. Corp.*, 2013 U.S. Dist.

2

LEXIS 41886, at *7-8 (S.D.N.Y. Mar. 25, 2013); *Drayton v. Metroplus Health Plan, Inc.*, 791 F. Supp. 2d 343 (S.D.N.Y. Apr. 12, 2011); *see also Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824 at *44 (S.D.N.Y. Sep. 6, 2012)(holding that the Westchester County Health Care Corporation is an exempt as a political subdivision for purposes of the NYLL); *but see Massiah v. Metroplus Health Plan, Inc.*, 2011 U.S. Dist. LEXIS 154724 (E.D.N.Y. Apr. 9, 2012).

In the *Cromwell, Ali* and *Drayton* cases, defendant H+H moved to dismiss plaintiff's NYLL claims on the ground that H+H is exempt from the NYLL.  After analyzing the nature of the employing organization, i.e. H+H, the Honorable Paul A. Crotty, the Honorable Jed S. Rakoff and the Honorable Paul A. Engelmayer, respectively, determined that, as a matter of law, H+H is a political subdivision of the State of New York for purposes of the NYLL, and granted H+H's motions to dismiss the NYLL claim.  *See Ali*, 2013 U.S. Dist. LEXIS 41886, at *7-8 (noting that, in finding that H+H was not a political subdivision, the Court in *Massiah* "failed to cite any authority for the factors it considered"); *Drayton*, 2011 U.S. Dist. LEXIS 51825, at *7; *Cromwell*, 983 F. Supp. 2d at 277.   Defendant respectfully submits the reasoning applied in *Ali*, *Drayton* and *Cromwell* is sound and should apply to this case as well and Plaintiff's NYLL § 650 claims should be dismissed.

## POINT II

### PLAINTIFF'S FIFTH CLAIM PURSUANT TO NYLL § 195(1) SHOULD BE DISMISSED

With respect to Plaintiff's claims pursuant to the NYLL § 195(1) (Plaintiff's fifth claim), these claims must be dismissed because employees who began working *before* the Wage Theft Protection Act ("WTPA") went into effect on April 9, 2011, are not entitled to bring a claim for their employer's failure to provide notice as required under NYLL § 195(1)(a). *See*

3

*Franco v. Jubilee First Ave. Corp,* 2016 U.S. Dist. LEXIS 114191, at *42 (S.D.N.Y Aug. 25, 2016); *see also Leevson v. Aqualife USA, Inc.*, 183 F.Supp.3d 397, 408 (E.D.N.Y. 2016)(WTPA does not apply retroactively and employees hired prior to 2011 are not entitled to damages for failure to provide wage notice at time of hiring). Plaintiff alleges that she was hired by H+H in 1993. *See* Dkt. No. 1, Complaint at ¶¶ 6, 7. Therefore, Plaintiff is not entitled to relief under NYLL § 195(1) and her claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should partially dismiss the Complaint, and grant such other and further relief as the Court may deem just and proper.

Dated:     Sayville, New York
           August 10, 2023

> **HON. SYLVIA O. HINDS-RADIX**
> Corporation Counsel of the
>   City of New York
> Attorney for Defendant
> 100 Church Street, 2nd Floor
> New York, New York 10007
> (212) 356-2473/(646) 939-7415
> kbowers@law.nyc.gov
>
>
> By:     /s/ Kerrin A. Bowers
>         Kerrin A. Bowers
>         Assistant Corporation Counsel

4