

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SONYA GIDUMAL CHAZIN**
Labor & Employment Law Division
Phone: (212) 356-0890
schazin@law.nyc.gov
(email for not service)

June 16, 2025

<u>**VIA ECF**</u>
Honorable Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Renata Kociubinski et al v. NYC Health and Hospital Corp.</u>,
22 Civ. 2865 (ENV)(CLP)

Dear Judge Pollak:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and represent Defendant in the above-captioned matter. I write respectfully on behalf of Defendant to request additional time to provide Plaintiff's counsel with a settlement offer and to extend the deadline for the parties to submit a proposed pretrial order pursuant to the Court's April 29, 2025 Order.

Defendant is requesting a 45-day extension of the current deadlines, from June 18, 2025 to August 1, 2025.  Defendant has reached out to Plaintiff's counsel for consent and Plaintiff's position is: *Defendants' illegal salary-cap policy appears to have been continuing throughout this litigation. As of the date of this submission, H+H **still** requires their nurses, including Plaintiffs, to work "standby" and "overtime" hours, without proper compensation. This shameful fact, combined with H+H's documented history of delays and procedural gamesmanship [see, e.g., Dckt. Nos. 45-47, 07/26/2024 Electronic Order]., has resulted in significant prejudice to Plaintiffs. Subject to, notwithstanding the foregoing, Plaintiffs take no position on Defendants' request.*

This extension is necessary because I have only recently been assigned to this matter, following the departure of the previous attorney from the Law Department. In reviewing the file to prepare a settlement offer, I discovered that our office does not have copies of the deposition transcripts taken in this case, which are essential for assessing potential damages.  I

have been in touch with Plaintiff's counsel to request copies of the deposition transcripts, but he has asked for $1000 per transcript.  As such, Defendant will have to reach out to the transcription service to get copies of the transcripts, which may take some time.

At this time, Plaintiff's counsel and I have been in communication and are both committed to working together in good faith toward a resolution.

Thank you for the Court's consideration of this request.

Respectfully Submitted,


Sonya Gidumal Chazin
Assistant Corporation Counsel

cc:    All Counsel of Record (via ECF)

2