

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SONYA GIDUMAL CHAZIN**
Labor & Employment Law Division
Phone: (212) 356-0890
schazin@law.nyc.gov
(email for not service)

August 1, 2025

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Renata Kociubinski et al v. NYC Health and Hospital Corp.,
                 22 Civ. 2865 (ENV)(CLP)

Dear Judge Vitaliano:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and represent Defendant in the above-captioned matter. Pursuant to Your Honor's Individual Practices III(A), Defendant respectfully submits this letter to request a pre-motion conference and to outline the bases for its anticipated motion for summary judgment.

      Defendant acknowledges that this request is being made after the deadline for dispositive motions. However, good cause exists for this request. The matter was recently reassigned to the undersigned, who only received the file after the dispositive motion deadline had passed. Upon review of the pleadings, applicable case law, and after consultation with the client, it became clear that there are strong grounds for summary judgment, particularly in light of Plaintiffs' exemption status under the FLSA and the jurisdictional bar to their NYLL claims. Defendant brings this request promptly upon reaching that determination and respectfully seeks the Court's indulgence to address these dispositive legal issues

      Plaintiffs are four Cath Lab nurses employed by NYC Health + Hospitals at Coney Island Hospital who allege violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), based on allegations that they were not paid for all hours worked while on-call, and that they were denied overtime compensation for emergency shifts.

**New York Labor Law(NYLL)**

Defendant previously moved to dismiss Plaintiffs' NYLL claims. Although that motion remains pending, Summary Judgment is independently warranted because NYC Health + Hospitals ("H+H") is a political subdivision of the State of New York and therefore not subject to the relevant provisions of the NYLL. Both the NYLL and its implementing regulations explicitly exclude from coverage employees of political subdivisions, such as H+H. See *El v. Potter*, 2004 U.S. Dist. LEXIS 24447, *37 (S.D.N.Y. Dec. 6, 2004) ("The New York State Minimum Wage Act... excludes from coverage those people employed 'by a federal, state or municipal government or political subdivision thereof.'"). NYLL § 651(5)(n) defines "employee" to exclude individuals employed "by a federal, state or municipal government or political subdivision thereof," and the Department of Labor regulation at 12 N.Y.C.R.R. § 142-3.12(b) mirrors this exclusion. Accordingly, because Plaintiffs were employed by H+H, a political subdivision, they are not covered by the NYLL, and their claims under NYLL § 650 et seq. must be dismissed.

In addition, Plaintiffs' claims under NYLL § 195(1) should also be dismissed. The Wage Theft Prevention Act ("WTPA") does not apply retroactively to employees who were hired before its effective date of April 9, 2011. See *Franco v. Jubilee First Ave. Corp.*, 2016 U.S. Dist. LEXIS 114191, at *42 (S.D.N.Y. Aug. 25, 2016); *Leevson v. Aqualife USA, Inc.*, 183 F. Supp. 3d 397, 408 (E.D.N.Y. 2016). Plaintiff alleges that she was hired in 1993. See Dkt. No. 1, Complaint ¶¶ 6, 7. Accordingly, she is not entitled to damages under § 195(1), and her claim must be dismissed.

**Fair Labor Standards Act (FLSA)**

The FLSA requires employers to pay employees at a rate of one-and-a-half times their regular rate for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). However, this requirement does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). To qualify for this exemption, the employee must satisfy both a salary test and a duties test. 29 C.F.R. §§ 541.1–541.3; see also *Kelly v. City of Mount Vernon*, 162 F.3d 765, 766 (2d Cir. 1998). The burden rests on the employer. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974); *Freeman v. National Broad. Co.*, 80 F.3d 78, 82 (2d Cir. 1996).

Here, Plaintiffs fall within the "learned professional" exemption. See *Bongat v. Fairview Nursing Care Center, Inc.*, 341 F. Supp. 2d 181 (E.D.N.Y. 2004) (recognizing that nurses qualify as exempt under 29 C.F.R. § 541.301). The undisputed record will show that Plaintiffs satisfy both the salary and duties tests, and thus are exempt from the FLSA's overtime provisions.

Accordingly, Defendant respectfully requests that the Court schedule a pre-motion conference or, in the alternative, set a briefing schedule. Thank you for Your Honor's consideration of this request.

Respectfully Submitted,

Sonya Gidumal Chazin
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)